Filed 3/24/14  P.v. Gallow CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LUCRETIA GALLOW,<br><br>  Defendant and Appellant. | F065630<br><br>(Madera Super. Ct. No. MCR028437)<br><br>**O P I N I O N** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Roger L. Wayne and David D. Minier, Judges.† (Retired judges of the Madera County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Meredith J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Jeffrey Grant, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J., and Poochigian, J.

†       Judge Wayne presided over appellant's motion to substitute her trial counsel. Judge Minier presided over appellant's trial and sentencing hearing.

## INTRODUCTION

On July 30, 2009, appellant, Lucretia Gallow, was charged in a consolidated first amended information with feloniously carrying a deadly weapon while in custody (Pen. Code, § 4502, subd. (a), count 1),[1] felonious battery of a nonprisoner while incarcerated in state prison (§ 4501.5, count 2), and misdemeanor possession of narcotics paraphernalia (Health & Saf. Code, § 11364, subd. (a), count 3). The information further alleged appellant had a prior serious felony conviction within the meaning of the three strikes law and a prior prison term enhancement.

On July 20, 2011, appellant requested a *Marsden*[2] hearing. During the hearing, appellant appeared to request the right of self-representation (*Faretta v. California* (1975) 422 U.S. 806 (*Faretta*)). The court later determined that appellant sought not to change her counsel but to have him make a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The court granted defense counsel's motion for a continuance to file a *Pitchess* motion. On June 4, 2012, the trial court heard and denied appellant's *Pitchess* motion.

At the conclusion of a jury trial on June 21, 2012, appellant was found guilty of counts 1 and 3. Appellant waived her right to a jury trial on the special allegations. The trial court found the prior serious felony allegation and prior prison term enhancements true.

The trial court sentenced appellant to the midterm of three years on count 1, doubled under the three strikes law to six years. The court imposed a consecutive term of one year for the prior prison term enhancement for a total prison sentence of seven years.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

Appellant was awarded total custody credits of 226 days. Appellant contends the trial court erred in denying her *Faretta* motion.[3] We disagree and affirm the judgment.

## HEARING ON *MARSDEN* AND *FARETTA* MOTIONS

The court conducted a closed hearing to determine why appellant sought to replace her trial counsel, Mr. Fitzgerald. When asked if she wanted to replace Fitzgerald, appellant initially said "yes and no." Appellant stated she wanted to represent herself as she felt she was being railroaded because she "wrote up a lot of officers" while she was incarcerated. Appellant said she wanted her attorney relieved. When asked whether she had any legal training, appellant conceded she did not know much.

The court explained that appellant would be going up against an experienced litigator and if she did not know how to present evidence and object to evidence offered by the prosecutor, she would "be slaughtered." The court recommended against appellant representing herself. The court suggested that for the moment, they forget about appellant representing herself.

The court then focused on why appellant thought Fitzgerald had not properly represented her. Appellant replied she wanted to bring in the disciplinary files of the officers who had arrested her during her incarceration. Appellant also wanted to see pictures of the battery she had allegedly caused. The court then asked appellant if she wanted Fitzgerald to bring in disciplinary reports of those who had accused her. Appellant replied, "Amen. Yes sir."

The court stated that appellant was asking for a *Pitchess* motion. Fitzgerald stated that they could seek a *Pitchess* motion but it would delay the trial up to six weeks. The court asked appellant if this was her main objection. She replied affirmatively.

---

[3] Because the facts of appellant's offense are not relevant to the issue she raises in her appeal, we do not recount them.

3

Fitzgerald explained that he was willing to continue representing appellant. Fitzgerald noted there had been some communication problems caused by transportation issues and appellant's unstable living environment. Fitzgerald did not believe these issues were appellant's fault.

The court confirmed with appellant that she sought to pursue a *Pitchess* motion. The court explained to appellant that Fitzgerald would still be her counsel if the court denied the *Marsden* motion. The court also indicated its willingness to grant a continuance so Fitzgerald could pursue the *Pitchess* motion. Appellant stated she was in accord with this outcome and did not indicate any other problems. The court denied the *Marsden* motion. The court granted appellant's motion for a continuance.

## ALLEGED *FARETTA* ERROR

Appellant argues the trial court summarily set aside her motion to represent herself, stating in effect that they should forget about appellant representing herself right now. Appellant contends the trial court erred in failing to complete a full *Faretta* hearing, the error is structural, and her conviction must be reversed.

In *Faretta*, the United States Supreme Court held that a defendant must be free to decide whether to represent himself or herself even if to do so is to the defendant's detriment. When a defendant makes a timely motion to proceed pro se, a trial court must permit the defendant self-representation after ascertaining that the defendant has voluntarily and intelligently elected to do so. This determination is made irrespective of whether the defendant's choice is unwise. The defendant's technical legal knowledge is irrelevant to the trial court's determination. Erroneous denial of a *Faretta* motion is reversible per se. (*People v. Butler* (2009) 47 Cal.4th 814, 824 (*Butler*).)

There are, however, limits to the right to act as one's own attorney. The right is not absolute. A judge can terminate self-representation by a defendant who deliberately engages in obstructionist conduct. It is settled that a defendant can waive the *Faretta*

4

right by failing to make a timely request, or by abandonment and acquiescence in representation by counsel. A *Faretta* request can be denied when a defendant makes an equivocal or passing request out of anger or frustration. (*Butler*, *supra*, 47 Cal.4th at p. 825.)

When confronted with a request for self-representation, trial courts must advise the defendant of the dangers and disadvantages of self-representation. Unlike the right to representation by counsel, a defendant waives the right to self-representation unless he or she articulately and unmistakably demands to proceed pro se. Courts should draw every reasonable inference against waiver of the right to counsel, especially the postarraignment right to counsel. "'In determining on appeal whether the defendant invoked the right to self-representation, we examine the entire record de novo. [Citation.]' [Citation.]" (*People v. Stanley* (2006) 39 Cal.4th 913, 932 (*Stanley*).)

A *Faretta* motion made out of annoyance, frustration, or a temporary whim is not unequivocal, even when the defendant says he or she seeks self-representation. Equivocation is broader than reference only to speech in the context of the Sixth Amendment. It takes into account conduct and other expressions of intent. (*Stanley*, *supra*, 39 Cal.4th at p. 932.) In *Stanley*, the Supreme Court held that the defendant made a request for self-representation during a renewed *Marsden* hearing, but did so out of apparent annoyance or frustration with his first trial attorney. Thereafter, the defendant's comments demonstrated his belief in a continuing right to representation for counsel and the court concluded the defendant had waived his *Faretta* right. (*Stanley*, *supra*, 39 Cal.4th at pp. 932-933.)

Although appellant initially stated she wanted to represent herself during the *Marsden* hearing, the trial court's careful questioning of appellant made it clear that what she actually sought was a *Pitchess* hearing on the personnel records of the arresting officers. Appellant's reply to the trial court's understanding that appellant wanted a

5

*Pitchess* hearing was "[a]men." When asked if her main objection to her counsel was her desire for a *Pitchess* hearing, appellant replied affirmatively. Appellant's counsel, Mr. Fitzgerald, stated he was willing to pursue a *Pitchess* motion as long as the court was willing to grant a continuance of the trial date. The court indicated its willingness to do so.

The court confirmed from appellant that she sought to pursue a *Pitchess* motion. The court explained to appellant that Fitzgerald would still be her counsel if the court denied the *Marsden* motion. The court also indicated its willingness to grant a continuance so Fitzgerald could pursue the *Pitchess* motion. Appellant stated that she was in accord with this outcome and did not indicate any other problems.

From this record, it is clear that appellant's *Faretta* request was out of annoyance or frustration because she wanted her counsel to bring a *Pitchess* motion. Appellant had no other apparent quarrel with Fitzgerald and did not ultimately make an unequivocal request to represent herself. The trial court got to the gravamen of appellant's actual concern, granted a continuance of the trial, and later held a *Pitchess* hearing. On this record, we find that by the end of the *Marsden* hearing appellant had no outstanding request for self-representation and the trial court did not commit *Faretta* error.

Also, like the *Stanley* case, appellant never renewed her request for self-representation and appeared to have a continuing belief in her constitutional right to the appointment and assistance of counsel. Thus, appellant has also waived any claim of *Faretta* error.

### DISPOSITION

The judgment is affirmed.